# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gregory N. Leonard, | Case No.: 2:18-cv-853-APG-VCF |
| Petitioner, | **ORDER** |
| v. | [ECF No. 18] |
| Timothy Filson, et al., | |
| Respondents. | |

This action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by Gregory N. Leonard, a Nevada prisoner under sentence of death. On January 31, 2019, Leonard filed a motion asking to stay these proceedings and hold them in abeyance pending the exhaustion of his remedies in state court. ECF No. 18. On March 15, 2019, the respondents indicated they do not oppose Leonard's request. ECF No. 23.

Leonard's motion for stay and abeyance is based on *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court condoned the use of stay and abeyance to facilitate habeas petitioners' return to state court to exhaust claims, but also placed limitations upon the discretion of the district court to allow such a procedure. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Leonard has met the requirements under *Rhines*. He has shown that a stay is warranted to allow him to exhaust state court remedies before moving forward with this federal habeas action, so I will stay this case. This will be the last time I impose a stay to facilitate Leonard's exhaustion of claims in state court. Leonard must exhaust all of his unexhausted claims in state court during this present stay of this action. I do not here make a ruling, or suggest any opinion, whether Leonard can make the showing necessary to excuse any procedural default, or any limitations bar, that might exist as a result of his delay in discovering and pleading his unexhausted claims.

IT IS THEREFORE ORDERED that Leonard's motion for stay and abeyance **(ECF No. 18) is GRANTED**. This action is STAYED while Leonard exhausts, in state court, all his unexhausted claims for habeas corpus relief. Leonard shall have 30 days from the date of this order to initiate state court proceedings if he has not yet done so.

IT IS FURTHER ORDERED that, on or before June 15, 2019, Leonard shall file a status report about his state-court proceedings. Thereafter, during the stay of this action, Leonard shall file such a status report every six months (on or before December 15, 2019; June 15, 2020; December 15, 2020; etc.). The respondents may, if necessary, respond to any such status report within 15 days after its service. If necessary, Leonard may reply within 15 days of service of the response.

IT IS FURTHER ORDERED that, within 30 days of the conclusion of state court proceedings, Leonard shall move to lift the stay.

IT IS FURTHER ORDERED that this action shall be subject to dismissal upon a motion by the respondents if Leonard does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

IT IS FURTHER ORDERED that the respondents' motion for extension to time (**ECF No. 22) is GRANTED** *nunc pro tunc* as of March 15, 2019.

Dated: March 18, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE